UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE STEELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 4:12-CV-475-DDN |
| | ) | |
| J.C. PENNEY CORPORATION, INC. d/b/a | ) | |
| JC Penney's Store, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

### DEFENDANT J.C. PENNEY CORPORATION, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant J.C. Penney Corporation, Inc. ("JCPenney"), by and through the undersigned counsel, answers the Complaint of Plaintiff Connie Steelman ("Steelman" or "Plaintiff") as follows:

1.  In response to paragraph 1 of the Complaint, JCPenney is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 of the Complaint. On that basis, JCPenney denies the allegations contained in paragraph 1 of the Complaint.

2.  In response to paragraph 2 of the Complaint, JCPenney admits that it operates a retail department store at the location set forth in the Complaint. JCPenney denies the remaining allegations contained in paragraph 2 of the Complaint.

3.  In response to paragraph 3 of the Complaint, JCPenney admits that venue is proper in this district.

4.  In response to paragraph 4 of the Complaint, JCPenney submits that the allegations contained therein are legal conclusions for which no response is required. To the

extent that a response is required, JCPenney admits that the Court retains general jurisdiction over claims brought under 28 U.S.C. §§1331 and 1343 and 42 U.S.C. §12181. JCPenney denies that Plaintiff can maintain any such claim by way of this lawsuit and denies the remaining allegations of paragraph 4 of the Complaint.

5.      In response to paragraph 5 of the Complaint, JCPenney denies that Plaintiff has encountered architectural barriers, been discriminated against on the basis of her disability or been endangered. JCPenney is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 5 of the Complaint. On that basis, JCPenney denies the remaining allegations contained in the Complaint.

6.      JCPenney denies the allegations contained in paragraph 6 of the Complaint.

7.      In response to paragraph 7 of the Complaint, JCPenney admits that it leases the subject property and operates the same as a retail department store. JCPenney submits that the remaining allegations contained in paragraph 7 of the Complaint are legal conclusions for which no response is required. To the extent that any response if required, JCPenney denies the remaining allegations contained in paragraph 7 of the Complaint.

8.      JCPenney denies the allegations contained in paragraph 8 of the Complaint.

9.      JCPenney denies the allegations contained in paragraph 9 of the Complaint.

10.     JCPenney denies the allegations contained in paragraph 10 of the Complaint.

11.     JCPenney denies the allegations contained in paragraph 11 of the Complaint.

12.     JCPenney denies the allegations contained in paragraph 12 of the Complaint.

13.     In response to paragraph 13 of the Complaint, JCPenney denies that Plaintiff is entitled to any relief sought herein. JCPenney further denies the remaining allegations contained in paragraph 13 of the Complaint.

14. In response to paragraph 14 of the Complaint, JCPenney submits that the allegations contained therein are legal conclusions for which no response is required. To the extent that a response is required, JCPenney denies the allegations contained in paragraph 14 of the Complaint.

15. In response to paragraph 15 of the Complaint, JCPenney submits that the allegations contained therein are legal conclusions for which no response is required. To the extent that a response is required, JCPenney denies the allegations contained in paragraph 15 of the Complaint.

16. In response to paragraph 16 of the Complaint, JCPenney submits that the allegations contained therein are legal conclusions for which no response is required. To the extent that a response is required, JCPenney denies the allegations contained in paragraph 16 of the Complaint.

17. JCPenney denies that Plaintiff is entitled to any of the relief sought in the final paragraph of the Complaint or the subparts thereto.

18. JCPenney denies any and all allegations in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, JCPenney submits the following affirmative defenses to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every claim purportedly set forth therein fails to state a claim upon which relief can be granted against JCPenney.

## SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppels and/or laches.

## THIRD AFFIRMATIVE DEFENSE

JCPenney denies that any loss, damage or injury of any kind or character, or any sum or amount, has been suffered by Plaintiff by reason of the acts, omissions, carelessness, negligence or intentional conduct on the part of JCPenney or on the part of JCPenney's agents, servants, employees or any person or persons acting or purporting to act on its behalf, or on behalf of any of them.

## FOURTH AFFIRMATIVE DEFENSE

JCPenney submits that Plaintiff lacks standing to assert any claims on behalf of any persons other than herself.

## FIFTH AFFIRMATIVE DEFENSE

JCPenney submits that Plaintiff failed to exercise reasonable diligence to mitigate her damages, if any damages were in fact suffered, and such sums should be deducted from any award of damages.

## SIXTH AFFIRMATIVE DEFENSE

JCPenney submits that any recovery on Plaintiff's claims are barred, in whole or in part, by Plaintiff's own contributory negligence or culpable conduct, or the acts or omissions or persons or entities other than JCPenney, from which JCPenney is entitled to indemnity.

## SEVENTH AFFIRMATIVE DEFENSE

JCPenney submits that the relief sought by Plaintiff's Complaint would constitute an undue burden on JCPenney pursuant to 42 U.S.C. §12182(b)(2)(A)(iii).

EIGHTH AFFIRMATIVE DEFENSE

JCPenney would show that the relief sought by Plaintiff's Complaint is not readily achievable by JCPenney pursuant to 42 U.S.C. §12182(b)(2)(A)(iv) and/or would result in a significant loss of selling space.

NINTH AFFIRMATIVE DEFENSE

JCPenney submits that Plaintiff's claims are barred because of Plaintiff's failure to invoke and exhaust all administrative remedies required to be invoked or exhausted prior to the commencement of any action for recovery on the grounds asserted.

TENTH AFFIRMATIVE DEFENSE

JCPenney pleads that if its employees committed any acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of such employees' employment and such acts were not authorized, adopted or ratified by JCPenney.

ELEVENTH AFFIRMATIVE DEFENSE

JCPenney submits that the relief sought by Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered by JCPenney.

TWELFTH AFFIRMATIVE DEFENSE

JCPenney submits that its goods, services, facilities, privileges, advantages and accommodations are available through alternative means.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state claims for compensatory damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for general and/or special damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's Complaint fails as a matter of law because, to the extent that Plaintiff was not provided with equivalent services, access and enjoyment of JCPenney's premises, it was because Plaintiff failed to give JCPenney notice of the need and opportunity to do so.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any remedy against JCPenney to the extent that entities or persons other than JCPenney are legally responsible for remedying any alleged barriers to access.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of JCPenney's alleged conduct and/or any alleged omission by JCPenney.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any remedies, or certain remedies, under the doctrine of unclean hands.

WHEREFORE, Defendant J.C. Penney Corporation, Inc. prays:

1. That Plaintiff take nothing by way of her Complaint;

2. That JCPenney be awarded costs of suit, including reasonable attorneys' fees; and

3. For such other and further legal and equitable relief as the Court deems just and proper.

Dated this 9th day of April, 2012.

        Respectfully submitted,

        BROWN & JAMES, P.C.

        By:  */s/ Matthew G. Koehler*
        Matthew G. Koehler,      #48760MO
        1010 Market Street, 20th floor
        St. Louis, Missouri  63101
        (314) 421-3400
        FAX:  (314) 421-3128
        mkoehler@bjpc.com

        ***Attorneys for Defendant J.C. Penney Corporation, Inc.***

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 9, 2012, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

>Mr. David A. Weidner
>The Weidner Law Firm, LLC
>P.O. Box 280168
>Kansas City, Missouri 64128
>Phone: (816) 719-0816
>Fax: (816) 817-0906
>davidweidnerlaw@gmail.com
>Of Counsel to Thomas B. Bacon, P.A.
>*Attorneys for Plaintiff*

                              */s/ Matthew G. Koehler*
                               Counsel for Defendant

9773635